ÁNGEL ECHEVARRÍA FERRER, Plaintiff, Appellee and Appellant, v. RAFAEL DESPIAU ET AL., Defendants, Appellants and Appellees.

No. 10265. Argued April 2, 1951.—Decided April 26, 1951.

*Benjamín Rodríguez Ramón* for appellant-appellee. *Juan En-*
*.rique Géigel* and *Guillermo Silva* for appellants-appellees.
*José M. Valentín Esteves* for appellee-appellant.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The accident which gave rise to the action for damages now before us, occurred on February 5, 1949, around 2:10 a.m. at Ponce de León Avenue, Stop 12, Santurce. As alleged in the complaint, on the date, hour, and place stated, the plaintiff Angel Echevarría Ferrer was driving his own automobile from Santurce to San Juan while the Ford truck of the defendant Despiau driven by codefendant Rodríguez Vargas was going in opposite direction, at an excessive speed and zigzagging; that due to the blame and negligence of the truck's driver, it collided against the plaintiff's automobile causing him several injuries, among them a multiple fracture of the left arm which is now totally and permanently incapacitated, for which reason plaintiff has undergone a delicate operation and the amputation of several fingers of his left hand. The truck's underwriter is the Fidelity and Guaranty Company, the defendant in this case. The de-

fendants specifically denied the facts alleged in the complaint, and set up, as special and affirmative defenses that: (1) the complaint does not state facts sufficient to constitute a cause of action; (2) the accident was due solely and exclusively to plaintiff's negligence; (3) the contributory negligence of the plaintiff was the proximate and immediate cause of the accident; and (4) that if it was not caused solely and exclusively by plaintiff's negligence nor by his contributory negligence, then it was purely a fortuitous and unfortunate accident.

The issue being thus joined, the case was tried. The parties introduced principally oral evidence in support of their respective allegations and the court rendered judgment, based on an elaborate opinion, granting the complaint, and ordering the defendants to pay, *in solidum*, to the plaintiff the amount of $7,000 plus costs and $500 attorney's fees, but stating therein that the company's liability would not exceed the amount of $5,000. Both parties appealed.

The first error assigned by the defendants is to the effect that the lower court erred in overruling the special defense that the complaint, as drafted, did not adduce facts sufficient to state a cause of action. There was no such error. In many instances we have held that an action for damages to either of the spouses must be brought by the conjugal partnership, and that it is the duty of the husband, as its administrator to file it. *Meléndez* v. *Iturrondo*, 71 P.R.R. 56, 58; *Rivera* v. *De Martínez*, 70 P.R.R. 456; *Serrano* v. *González*, 68 P.R.R. 579; *Serra* v. *Transportation Authority*, 68 P.R.R. 581; *Guadalupe* v. *District Court*, 65 P.R.R. 275, 276; *Segarra* v. *Vivaldi*, 59 P.R.R. 797, 802; *Torres* v. *Fernández*, 56 P.R.R. 459, 463; *González* v. *White Star Bus Line*, 53 P.R.R. 328, 330; *Flit* v. *White Star Bus Line*, 49 P.R.R. 139; *Vázquez* v. *P. R. Ry., Lt. & P. Co.*, 35 P.R.R. 59. Likewise we have repeatedly held that if the complaint in such cases is filed by the wife, such defect does not constitute lack of capacity to sue, but rather lack of cause

of action. *Serrano* v. *González, supra,* at p. 580. Likewise, that the conjugal partnership is an entity entirely distinct from the spouses who compose it. *Rivera* v. *Casiano,* 68 P.R.R. 177; *Robles* v. *Guzmán,* 67 P.R.R. 671, 675; *Rosaly* v. *Ríos,* 63 P.R.R. 801; *Ex parte García,* 54 P.R.R. 478.

■ The defendants allege, nevertheless, that neither in the title nor in the body of the complaint it is stated that the same is filed on behalf and for the benefit of the conjugal partnership. Their assertion is correct. It does not mean, however, that for that reason the complaint does not constitute a cause of action, as during the trial it was repeatedly stated that the plaintiff was married at the time of the accident as well as when the complaint was filed. Under these circumstances the court could, *motu proprio,* consider the complaint as amended for that purpose. See Rule 15(*b*)[1] of the Rules of Civil Procedure and cases *Ramos* v. *Viejo,* 66 P.R.R. 607, 612; *Ruberté* v. *American R. R. Co.,* 52 P.R.R. 360; *Romañat* v. *White Star Bus Line, Inc.,* 43 P.R.R. 901, 904; *Rodríguez* v. *American R. R. Co. of P. R.,* 43 P.R.R. 472; *Almodóvar* v. *Acosta,* 43 P.R.R. 191.

■ The defendants further allege that according to Rule 17 of Rules of Civil Procedure [2] "Every action must be prosecuted in the name of the real party in interest" and that "if the complaint should be considered as one brought about in favor of the conjugal partnership, the action filed by the husband should have stated its representative character."

---

[1] Rule 15(*b*) provides essentially:

"When issues not raised by the pleadings are tried by express or implied consent of the parties or by order of the court they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

[2] Rule 17 provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in these rules. Appearance in court on behalf of other persons shall only be made through attorneys duly admitted to practice their profession in accordance with law."

Rule 17 states a sound principle of adjective law which requires that the real parties in interest be the ones to appear in court. Nevertheless, although it is true that every action must be prosecuted in the name of the real party in interest, the same Rule 17 has, in its subdivision (c) several exceptions which provide that "an executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted." Usually, the representative character should be stated in the title of the complaint. It being so when the representation is conferred by the person to be represented or by judicial order, but not when the representation is expressly conferred by law. By express provision of law the husband is the administrator of the conjugal partnership. See §§ 91, 93, and 1312 of the Civil Code, 1930 ed. As such administrator, he is authorized by law to sue without being assisted by his wife. Consequently, there being no need to state in the title of the complaint the representative character of the plaintiff, and considering the complaint as amended by the evidence to the effect that the plaintiff was married at the specified dates, the same constituted a good cause of action for the benefit of the conjugal partnership. The first error was not committed.

■ The second error assigned by the defendants is that the trial court erred in not applying the legal doctrine of assumption of risk to the facts found proved in this case, and in not exonerating the defendants from civil responsibility as a result of said doctrine. The defendant's evidence tended to show that during the night in question, he was driving his automobile at a moderate speed, that at the time a yellow line had been traced along the center of Ponce de León Avenue, and that the automobiles coming to San Juan were to travel north of the line, while the automobiles going to Santurce were to travel south of the line; that Despiau's truck was being driven at excessive speed and zigzagging colliding

violently against plaintiff's automobile which was traveling along its right-hand side and about three feet away from the said yellow line. Defendants' evidence, on the contrary, was to the effect that plaintiff's automobile traveled at excessive speed behind another car and in trying to pass, it took to its left, going over the yellow line and colliding with the defendants' truck which at that moment was traveling at a moderate speed in opposite direction.

As stated in Prosser on Torts, Chapter 9, p. 377, the doctrine of assumption of risk refers to that situation in which the plaintiff with full knowledge of the risk, voluntarily enters into some relation with the defendant involving danger to himself through the defendant's conduct. See also 38 Am. Jur., p. 847, § 173. In such case the plaintiff acts at his own risk, and is taken to consent that the defendant shall be relieved of responsibility. Such rule, however, cannot be applied to the case at bar, as the lower court did not believe defendants' evidence, but only plaintiff's. This was as already stated. The second error assigned was not committed either.

██ The only error charged by the plaintiff against the court *a quo*, is that it erred in granting the plaintiff the sum of only $7,000 plus $500 attorney's fees for the injuries sustained and the physical, moral, and mental pain suffered by him.

In discussing this error, the evidence revealed that the plaintiff was, before the accident, the representative in Puerto Rico of a manufacturer of a certain paint used to prevent leaks on roofs; that the plaintiff himself used to go up on the roofs to inspect the repair work done by the workers; that after the accident he would continue representing those manufacturers, but although in certain instances he could still go up on the roof, it was very difficult for him to do so now and for this reason his annual income had decreased. The evidence also proved that as a result of the accident the plaintiff suffered several fractures in his left arm, that he

underwent two operations, lost two fingers of his left hand, and his arm is permanently mutilated having totally lost its physiological functions, and although there is a remote possibility of partially recuperating same by undergoing certain operations, the result is doubtful. Taking into consideration the former evidence, as well as the award for damages we have granted in the various cases cited by plaintiff, we consider sufficient the sum of $7,000 granted the defendant, and that the lower court did not abuse its discretion in fixing compensation for said amount. We arrive at the same conclusion regarding the attorney's fees, taking into consideration the legal issues raised and discussed and the legal work done.

The judgment appealed from will be affirmed.

Mr. Justice Todd, Jr., did not participate herein.